J-A05026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY J. MESLER, | : | |
| | : | |
| Appellant | : | No. 1055 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 25, 2019
in the Court of Common Pleas of Potter County
Criminal Division at No(s):  CP-53-SA-0000003-2019

BEFORE:  BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.*

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 31, 2020**

Barry J. Mesler appeals from the judgment of sentence of a fine of $500 imposed after he was found guilty of abandoning vehicles.[1]  We dismiss this appeal.

At trial, the Commonwealth presented evidence that Appellant placed junk vehicles on the lot of Charles Counts, an adjacent landowner, and refused to remove them despite notice to do so from the neighbor and authorities. Appellant proceeded on the defense that he had acquired the lot in question by adverse possession, but did not testify or otherwise support his claim with evidence.  The trial court found Appellant guilty and sentenced him in

---

[1] *See* 75 Pa.C.S. § 3712(b) ("No person shall abandon a vehicle upon any public or private property without the express or implied consent of the owner or person in lawful possession or control of the property.").

* Retired Senior Judge assigned to the Superior Court.

accordance with 75 Pa.C.S. § 3712(c)(1) (mandating sentence of "a fine of $500 plus all costs of disposing of the vehicle" for a first-time offender).

Appellant filed a timely notice of appeal. Appellant's one-page brief states the following:

1. Defendant did not waive a JURY TRIAL.

2. Judge Minor used a PROXY.

3. Chief Phelps upon cross stated first time he talked to the defendant the defendant was mowing the grass on the property in the complaint also all the photoes [*sic*] as entered clearly show the grass had been mowed proving nothing was abandoned also proves the defendant[']s attempt to quiet [M]r[.] Counts['s] title.

Therefore the defendant request to set aside the verdict or grant a new trial.

Appellant's brief at 1 (unnecessary capitalization omitted).

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa.Super. 2017). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (internal quotation marks omitted). "Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Commonwealth v. Gray,*** 608 A.2d 534, 550 (Pa. Super. 1992) (cleaned up).

Appellant's brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4). His brief also is in violation of Pa.R.A.P.

2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief further is devoid of citations to the record or to any legal authority as are required by Pa.R.A.P. 2119(c) and (b), respectively.

Appellant's complete disregard for the Rules of Appellate Procedure has left this Court unable to conduct meaningful review. ***See***, ***e.g.***, ***Commonwealth v. Sanford***, 445 A.2d 149, 151 (Pa. Super. 1982) (declining to address merits of appeal because the brief was "so defective as to preclude effective, appellate review"). Accordingly, we dismiss this appeal without considering its merits. ***See*** Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."); Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

Appeal dismissed.

J-A05026-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/2020